## AFFIDAVIT OF MICHAEL LANE

I, Michael Lane, a Task Force Officer ("TFO") with the U.S. Drug Enforcement Administration, being duly sworn, depose and state as follows:

## INTRODUCTION

1. I am a Detective for the Andover, MA Police Department. I am a graduate of 1998 MPOC Lowell Police Academy and have been a Police Officer in Massachusetts since June 1, 1998. I am presently assigned to the Drug Enforcement Administration Cross Borders Initiative Drug Task Force located in Lowell, MA. During the course of my employment with the Andover Police Department and with the DEA, I have received training regarding the activities of narcotics traffickers, including the methods used to package, store, and distribute narcotics, and the methods used by narcotics traffickers to conceal and launder the proceeds of their narcotics trafficking activities. In addition to my training, I have had experience in the investigation of the activities of narcotics traffickers. I have participated in a number of narcotics investigations as a case agent and in subsidiary roles. I have debriefed numerous defendants, informants, and witnesses who had personal knowledge about narcotics trafficking activities and the operation of narcotics trafficking organizations. I personally have participated in almost all aspects of narcotics trafficking investigations, including but not limited to conducting surveillance (both physical and electronic), using confidential informants, performing undercover purchases, and executing arrest and search warrants. These investigations involved but were not limited to the following controlled substances: Heroin, Fentanyl, Cocaine, Marijuana, LSD, Methamphetamine and Ecstasy. These investigations have resulted in arrests, convictions, and seizures of controlled substances, related paraphernalia, automobiles, and U.S. currency from the proceeds of the distribution of controlled substances. More specifically, I

have made hundreds of arrests for violations of the Controlled Substances Act, and I have testified in Superior and District courts throughout the Commonwealth and Federal Court in the District of Massachusetts.

2. As a DEA TFO, I am authorized to investigate violations of the laws of the United States, including violations of the federal drug laws in Title 21 of the United States Code.

3. Since my assignment to the DEA, Cross Borders Initiative Task Force, I have become familiar with, and have utilized, many of the so-called "normal investigative procedures" used by law enforcement officers to identify, apprehend and successfully prosecute persons involved in the distribution of controlled substances. These "normal investigative procedures" include, but are not limited to: physical surveillance, telephone toll analysis, public records analysis, interviews, gathering information from informants, "controlled purchases" of drugs, utilizing undercover police officers to infiltrate drug distribution organizations, trash analysis, executing search warrants and grand jury investigations. I have also become familiar with the practical limitations of these techniques in penetrating organized drug distribution operations and bringing about the successful prosecution of all participants in such conspiracies.

4. In the course of my official duties as a police officer, I have interviewed many defendants, informants and suspects who were users, sellers and distributors of controlled substances, and I have participated in the authorized electronic interception of conversations between such persons. On the basis of my training and experience, I am familiar with the vernacular of illegal narcotics abusers and distributors. I am acquainted with the methods by which such persons seek to disguise the subject of their conversations and operations, and I am familiar with the full range of methods, practices and techniques by which members of organized conspiracies illicitly transport and distribute controlled substances.

5.  I am submitting this affidavit in support of an application for a criminal complaint charging Kristian MENA (hereinafter, "MENA") with distribution of fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. §841(a)(1).

6.  As will be explained more fully below, on several occasions, MENA sold a total of 95 grams of fentanyl to an undercover officer ("UC"), who was acting under DEA supervision. All of these transactions occurred in March and April of 2018, and all were audio- and/or video-recorded.

7.  I have personally participated in the investigation of MENA since March 2018. I am familiar with the facts and circumstances of this investigation based upon: (a) my personal knowledge and involvement in this investigation; (b) my review of records related to this investigation; (c) information provided to me orally and in writing by other law enforcement agents; and (d) my experience and training as a criminal investigator.

8.  Because this affidavit is submitted for the limited purpose of establishing probable cause to believe that MENA distributed controlled substances in violation of 21 U.S.C. § 841(a)(1), I have not included each and every fact known to me or other law enforcement officers involved in this investigation. Rather, I have included only those facts that I believe are necessary to establish probable cause for the issuance of the requested criminal complaint. Facts not set forth herein are not being relied upon in reaching my conclusion that there is probable cause to support the issuance of the requested complaint or warrants. Nor do I request that this Court rely on any facts not set forth herein in reviewing these applications.

## PROBABLE CAUSE

9.  In March 2018, DEA investigators and Andover Police officers began an investigation into MENA for distribution of fentanyl. On March 12, 2018, a UC was utilized to

facilitate the purchase of heroin from MENA. As with each controlled purchase described in this affidavit, the UC was outfitted with audio and video recording equipment that was monitored by a surveillance team, including DEA investigators. These audio and video recordings are preserved. All of the purchases described in this affidavit were arranged via text messages, which are also preserved. On March 12, 2018, the UC text messaged (646) 427-1712 (hereinafter, "-1712"), used by MENA, in order to purchase 5 grams of heroin. Through a text conversation, the UC and MENA agreed to meet at an apartment complex, Avalon Bay, located at 460 River Road, Andover, MA (hereinafter, "Avalon Bay"). At Avalon Bay, the UC received a phone call from MENA, who was using -1712, that directed him to a red Mercedes-Benz (hereinafter, the "Mercedes"). Investigators later learned that the Mercedes is registered to Carlos RODRIGUEZ (hereinafter, "RODRIGUEZ"). The UC entered the rear passenger seat of the Mercedes, which was occupied by three Hispanic males. Through later review of Registry of Motor Vehicle images and demographic information, MENA was identified as the rear seat passenger and RODRIGUEZ was identified as the driver. An unknown male was in the front passenger seat. In the back seat, MENA removed a plastic bag of suspected heroin from his pocket and gave it to the UC in exchange for $200 of pre-recorded U.S. currency. After this transaction, the bag of suspected heroin was forwarded to the Massachusetts State Police Laboratory for analysis.

10. On March 16, 2018, the UC arranged a controlled purchase of 30 grams of fentanyl by sending a text message to MENA at the phone number (508) 557-2641 (hereinafter, "-2641"). During a recorded phone conversation between MENA and the UC, MENA referred to his product as "fire." The UC asked if MENA meant the drugs were fentanyl, to which MENA replied "Yes." The UC and MENA again agreed to meet at Avalon Bay in Andover. This time, MENA was driving his own car, which is registered to him. The UC approached the driver's side

of MENA's car and handed $900 of pre-recorded U.S. currency to MENA. MENA, in exchange, handed a plastic bag of suspected fentanyl to the UC. The bag of suspected fentanyl was forwarded to the Massachusetts State Police Laboratory for analysis.

11. On March 23, 2018, the UC arranged another controlled purchase of 30 grams of fentanyl by contacting -2641. Prior to the controlled purchase, investigators learned from the Registry of Motor Vehicles that MENA listed his residence as 63 Ferry Street #1, Lawrence, MA 01841. Prior to the controlled purchase, investigators observed MENA leave his home. Investigators then saw MENA drive to Avalon Bay in Andover in his car. Surveillance was not continuously maintained due to MENA's evasive driving. The UC met MENA at Avalon Bay and approached the driver's side of MENA's car. The UC handed MENA $900 of pre-recorded U.S. currency. MENA, in exchange, handed a plastic bag of suspected fentanyl and a plastic bag of crack cocaine (approximately one gram) to the UC. After the transaction, MENA texted the UC to contact him at a new phone number, (617) 669-0896 (hereinafter, "-0896"). The bags of suspected fentanyl and suspected crack cocaine purchased by the UC were forwarded to the Massachusetts State Police Laboratory for analysis.

12. On April 4, 2018, the UC arranged to purchase 35 grams of fentanyl from MENA. The UC contacted MENA's most recent phone number -0896, and arranged to again meet MENA at Avalon Bay to conduct the transaction. Prior to the controlled purchase, investigators observed MENA leave his home driving his car. He drove to RODRIGUEZ's home, 20 Canton Street in Lawrence, and picked up RODRIGUEZ. Together, MENA and RODRIGUEZ drove to Avalon Bay in MENA's car. At Avalon Bay, the UC approached MENA's driver's side window and handed MENA $900 of pre-recorded U.S. currency. MENA, in exchange, handed a plastic bag of suspected fentanyl to the UC. The suspected fentanyl was field tested using a TruNarc

analyzer and tested positive for fentanyl. The bag of suspected fentanyl purchased by the UC was forwarded to the DEA Lab for analysis.

## CONCLUSION

13. Based upon the evidence set forth above, as well as my training and experience, I submit that there is probable cause to believe that on March 16, 2018, March 23, 2018, and April 4, 2018, Kristian MENA distributed fentanyl, in violation of 21 U.S.C. § 841(a)(1). Accordingly, I respectfully request that a criminal complaint charging MENA with violations of 21 U.S.C. § 841(a)(1) be issued.

_____
Michael Lane
Task Force Officer
Drug Enforcement Administration

SIGNED and SWORN to before me this 19th day of April 2018.

_____
HONORABLE M. PAGE KELLEY
United States Magistrate Judge
District of Massachusetts